**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

CRUM & FORSTER SPECIALTY
INSURANCE COMPANY,                              Case No.

          Plaintiff,

vs.

MICHELLE HAWKINS, as the Personal
Representative of the Estate of Milinda Fredricka
Rogers, KULTURE ON 1ST LLC, and
MILTON SMITH,

          Defendants.
_____/

## COMPLAINT FOR DECLARATORY RELIEF

CRUM & FORSTER SPECIALTY INSURANCE COMPANY ("CFSIC")

sues MICHELLE HAWKINS, as the Personal Representative of the Estate of Milinda

Fredricka Rogers, KULTURE ON 1ST LLC, and MILTON SMITH and states:

## NATURE OF ACTION

1.     This is an action for declaratory relief under 28 U.S.C. § 2201 for the

purpose of determining a question of actual controversy by and between the parties,

wherein CFSIC seeks a judicial determination of its rights and obligations to

Defendants under a commercial general liability policy.

## THE PARTIES

2.     CFSIC is a Delaware corporation with a statutory home office in Delaware and main administrative office in Morristown, New Jersey. Thus, CFSIC is deemed a citizen of Delaware and New Jersey.

3.     Michelle Hawkins is domiciled in Florida and, thus, is a Florida citizen.

4.     At the time of her death, Milinda Fredricka Rogers was domiciled in Florida and, thus, was a Florida citizen.

5.     Kulture on 1st LLC ("Kulture") is a Florida limited liability company whose sole member is Milton Smith, who is domiciled in and is thus a citizen of Florida. Consequently, Kulture is a Florida citizen.

6.     Milton Smith is domiciled in Florida and, thus, is a Florida citizen.

7.     At all times material hereto, Milton Smith was also a manager of Kulture.

## JURISDICTION AND VENUE

8.     Jurisdiction exists under 28 U.S.C. § 1332 because there is complete diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of attorney's fees, interest, and costs.

9.     Venue is proper in this district because a substantial part of the events giving rise to the claim occurred in this district. 28 U.S.C. § 1391(a)(2). Specifically, the underlying action is venued in this district and the underlying claims accrued in this district.

10.     All conditions precedent have occurred, been performed, or have been waived.

## FACTS

### A.     The Underlying Lawsuit

11.     On March 30, 2026, Michelle Hawkins ("Hawkins"), as the Personal Representative of the Estate of Milinda Fredricka Rogers ("Rogers"), filed a Complaint for Wrongful Death and Negligence against Milton Smith and Kulture in the matter styled as *Michelle Hawkins, as Personal Representative of the Estate of Milinda Fredricka Rogers v. Kulture on 1st LLC, John Doe Security Personnel, Milton Smith, Jr., and Francisco LaPierre*, Polk County, Florida, Cir. Ct. Case No. 26-CA-001581. A true and correct copy of Hawkins' Complaint for Wrongful Death and Negligence in the Underlying Action is attached hereto as **Exhibit A**.

12.     Hawkins alleges that Milton Smith and Kulture "owned, managed, maintained, and controlled the premises and business known as Kulture on 1st located at 1780 1st Street North, Winterhaven, Florida 33881, including its security operations and crowd control practices" (the "nightclub" or the "Premises").

13.     Hawkins alleges that Kulture allegedly "utilized security personnel to disperse patrons exiting the nightclub," and, "[a]s a routine practice . . . [its] security personnel used chemical agents, including bear mace, to forcibly disperse crowds of patrons."

14.     Hawkins alleges that, on September 28, 2025, Rogers was "lawfully present" at the Premises when Kulture personnel "deployed bear mace into a crowd of parties exiting the nightclub," which allegedly "made contact with [Rogers] in her eyes, causing severe burning, visual impairment, and disorientation."

15.     Hawkins alleges that the "deployment" of mace also allegedly "caused panic, fear, and chaotic crowd movement among patrons."

16.     Hawkins alleges that, at the same time, "gunshots were fired into the air, . . . further escalating panic and confusion among patrons attempting to leave the premises."

17.     Hawkins alleges that Rogers was allegedly "[b]linded, disoriented, and reasonably fearing for her safety," when she attempted to "flee the dangerous conditions created by [Kulture's] crowd-control practices."

18.     Hawkins alleges that, as "patrons scattered from the premises," Rogers "entered or attempted to cross a public roadway," when she was struck in a "fatal hit-and-run."

19.     Hawkins alleges that it was "reasonably foreseeable that chaotic crowd dispersal using chemical agents, combined with gunfire and inadequate egress controls, would place patrons in the roadway and expose them to the risk of being struck by vehicles leaving the area."

20.     Hawkins alleges that Kulture allegedly "knew or should have known that forcibly dispersing crowd [*sic*] with chemical agents under these conditions created an unreasonable and foreseeable risk of serious injury and death."

21.     Hawkins asserts counts against Kulture for "Negligence and Premises Liability" (Count I), "Negligent Hiring, Training, Supervision, and Retention" (Count II), "Negligent Mode of Operation" (Count III), "Negligent Security" (Count IV), and "Vicarious" (Count X). Hawkins also asserts counts against Milton Smith, personally,

for "Negligence and Premises Liability" (Count VI), "Negligent Hiring, Training, Supervision, and Retention" (Count VII), and "Negligent Mode of Operation" (Count VIII).

**B.    The Policy**

22.    CFSIC issued to Kulture a commercial general liability policy numbered BAS-54904-1, which has an effective period of March 31, 2025, through March 31, 2026 (the "Policy"). A true and correct copy of the Policy is attached hereto as **Exhibit B**.

23.    The Policy contains a Commercial General Liability Coverage Form (CG 00 01 12 07) that provides, in relevant part, as follows:

**SECTION I – COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1.    **Insuring Agreement**

a.    We will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies. We will have the right and duty to defend the insured against any 'suit' seeking those damages. However, we will have no duty to defend the insured against any 'suit' seeking damages for 'bodily injury' or 'property damage' to which this insurance does not apply. . . .

b.    This insurance applies to 'bodily injury' and 'property damage' only if:

(1)    The 'bodily injury' or 'property damage' is caused by an 'occurrence' that takes place in the 'coverage territory';

(2)    The 'bodily injury' or 'property damage' occurs during the policy period; and

**(3)** Prior to the policy period, no insured listed under Paragraph **1.** of Section **II** – Who Is An Insured and no 'employee' authorized by you to give or receive notice of an 'occurrence' or claim, knew that the 'bodily injury' or 'property damage' had occurred, in whole or in part. If such a listed insured or authorized 'employee' knew, prior to the policy period, that the 'bodily injury' or 'property damage' occurred, then any continuation, change or resumption of such 'bodily injury' or 'property damage' during or after the policy period will be deemed to have been known prior to the policy period.

24. The Policy contains a Hazardous Materials Exclusion endorsement (SB022-0124), which, in relevant part, provides:

### HAZARDOUS MATERIALS EXCLUSION

This endorsement modifies insurance provided under the following:

### COMMERCIAL GENERAL LIABILITY COVERAGE PART

**A.** **SECTION I – COVERAGES, COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY, 2. Exclusions, f.** and **SECTION I – COVERAGES, COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY, 2. Exclusions, n.** and **m.** are replaced by the following:

This insurance does not apply to:

**Hazardous Materials**

**(1)** 'Bodily injury', 'property damage' or 'personal and advertising injury' which would not have occurred in whole or part but for the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of 'hazardous materials' at any time.

**(2)** Any loss, cost or expense arising out of any:

**(a)** Request, demand, order or statutory or regulatory requirement that any insured or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of 'hazardous materials'; or

6

**(b)** Claim or 'suit' by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to, or assessing the effects of 'hazardous materials'.

**(3)** Any obligations to share damages with or indemnify another party whom must pay damages because of injury or damage relating to 'hazardous materials'.

**(4)** Any supervision, instructions, recommendations, warnings or advice given or which should have been given in connection with paragraphs **(1)**, **(2)**, or **(3)** above.

This exclusion applies whether or not such 'hazardous material(s)' has any function in your business, operations, premises, site or location.

**B.** **SECTION V – DEFINITIONS** is amended and the following added:

**1.** 'Hazardous materials' means 'pollutants', lead, asbestos, silica, 'perfluoroalkyl or polyfluoroalkyl substances' and materials containing them.

25. The CGL Coverage Form defines "pollutants" to mean "any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed."

26. The Policy contains a contains an Assault, Battery or Assault and Battery Exclusion endorsement (SB004-0615) that provides:

**ASSAULT, BATTERY OR ASSAULT AND BATTERY EXCLUSION**

This endorsement modifies insurance provided under the following:

**COMMERCIAL GENERAL LIABILITY COVERAGE PART**

A. **SECTION I – COVERAGES, COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY, 2. Exclusions** and **SECTION I – COVERAGES, COVERAGE B PERSONAL AND**

7

**ADVERTISING INJURY LIABILITY, 2. Exclusions** are amended and the following added:

**Assault, Battery or Assault and Battery**

This insurance does not apply to 'bodily injury', 'property damage' or 'personal and advertising injury' arising out of or resulting from:

**(1)** 'Assault', 'Battery' or 'Assault and Battery' caused, directly or indirectly, by you, any insured, any person, any entity, or by any means whatsoever;

**(2)** the failure to suppress or prevent 'Assault', 'Battery' or 'Assault and Battery' by you, any insured, any person, any entity, or by any means whatsoever;

**(3)** the failure to provide an environment safe from 'Assault', 'Battery' or 'Assault and Battery';

**(4)** the failure to warn of the dangers of the environment which could contribute to 'Assault', 'Battery' or 'Assault and Battery';

**(5)** 'Assault', 'Battery' or 'Assault and Battery' arising out of the negligent employment, investigation, hiring, supervision, training or retention of any person;

**(6)** the use of any force to protect persons or property whether or not the 'bodily injury' or 'property damage' or 'personal and advertising injury' was intended from the standpoint of you, any insured or any person, or committed by or at the direction of you, any insured or any person;

**(7)** the failure to render or secure medical treatment or care necessitated by any 'Assault', 'Battery' or 'Assault and Battery'; or

**(8)** death, including any allegations of wrongful death, arising out of items **(1)** through **(7)** listed above.

B.    **SECTION V – DEFINITIONS** is amended and the following is added:

'Assault' means:

**a.**    an intentional or unintentional act, including but not limited to sexual abuse, sexual assault, intimidation, sexual harassment, verbal abuse, or any threatened harmful or offensive contact

8

between two or more persons creating an apprehension in another of immediate harmful or offensive contact; or

**b.**     an attempt to commit a 'Battery'.

'Battery' means an intention or unintentional act, including but not limited to sexual abuse, sexual battery, sexual molestation, or any actual harmful or offensive contact between two or more persons which brings about harmful
or offensive contact to another or anything connected to another.

'Assault and Battery' means the combination of an 'Assault' and a 'Battery'.

**ALL OTHER TERMS AND CONDITIONS OF THE POLICY REMAIN UNCHANGED.**

27.     The Policy contains a Weapons Exclusion endorsement (SB007-0615)

that provides:

**WEAPONS EXCLUSION**

This endorsement modifies insurance provided under the following:

**COMMERCIAL GENERAL LIABILITY COVERAGE PART**

**SECTION I – COVERAGES, COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY, 2. Exclusions** is amended and the following added:

**Use of Weapons**

This insurance does not apply to 'bodily injury', 'property damage' or 'personal and advertising injury' arising out of or resulting from the possession, ownership, maintenance, use of or threatened use of a lethal weapon, including but not limited to firearms by any person.

**ALL OTHER TERMS AND CONDITIONS OF THE POLICY REMAIN UNCHANGED.**

**C.     The Coverage Dispute**

9

28. Kulture and Milton Smith each tendered their defense and indemnity against the claims pleaded against them in the Underlying Action to CFSIC, and, therefore, Kulture and Milton Smith appear to believe they are entitled to coverage for those claims under the Policy.

29. CFSIC is defending Kulture and Milton Smith in the Underlying Action, subject to complete reservations of rights, including the right to recover defense costs CFSIC incurs on their behalf to the extent there is no coverage for Hawkins' claims.

30. CFSIC has incurred and will continue to incur expenses associated with the investigation, defense, and handling of the claims.

31. All conditions precedent to bringing this action have been performed or otherwise waived.

## CLAIM FOR DECLARATORY JUDGMENT

32. A justiciable controversy exists between CFSIC and the Defendants regarding whether the Policy provides coverage for the claims alleged against Kulture and Milton Smith in the Underlying Action.

33. CFSIC thus seeks the Court's declaration of the parties' rights and duties under the policies under 28 U.S.C. § 2201.

## COUNT I – NO DUTY TO DEFEND KULTURE UNDER THE POLICY

34. CFSIC re-alleges paragraphs 1 through 33 as if fully set forth herein.

35. The Policy's Hazardous Materials Exclusion, Assault, Battery, or Assault and Battery Exclusion, and Weapons Exclusion endorsements operate

individually or collectively to preclude coverage for the damages Hawkins seeks from Kulture in the Underlying Action.

36.     Because the Policy does not cover the damages sought from Kulture in the Underlying Action, CFSIC has no duty to defend Kulture under the Policy with respect to the claims made against Kulture in the Underlying Action.

**WHEREFORE**, CFSIC respectfully requests the following:

a.     That the Court take jurisdiction and adjudicate the rights of CFSIC, Hawkins, and Kulture under the Policy;

b.     That the Court declare that CFSIC has no obligation to defend Kulture in the Underlying Action under the Policy; and,

c.     That the Court order Kulture to reimburse CFSIC  the attorneys' fees and costs CFSIC incurs on its behalf.

## COUNT II – NO DUTY TO INDEMNIFY KULTURE UNDER POLICY

37.     CFSIC re-alleges paragraphs 1 through 33, 35, and 36 as if fully set forth herein.

38.     Because CFSIC has no duty to defend Kulture under the Policy with respect to the claims made in the Underlying Action, CFSIC has no duty to indemnify Kulture against those claims under the Policy.

**WHEREFORE**, CFSIC respectfully requests the following:

a.     That the Court take jurisdiction and adjudicate the rights of CFSIC, Hawkins, and Kulture under the Policy;

b.    That the Court declare that CFSIC has no obligation to defend Kulture in the Underlying Action under the Policy; and,

c.    That the Court declare that CFSIC has no duty to indemnify Kulture in the Underlying Action under the Policy because CFSIC has no obligation to defend Kulture in the Underlying Action under the Policy.

## COUNT III – NO DUTY TO DEFEND MILTON SMITH UNDER THE POLICY

39.    CFSIC re-alleges paragraphs 1 through 33 as if fully set forth herein.

40.    The Policy's Hazardous Materials Exclusion, Assault, Battery, or Assault and Battery Exclusion, and Weapons Exclusion endorsements operate individually or collectively to preclude coverage for the damages Hawkins seeks from Milton Smith in the Underlying Action.

41.    Because the Policy does not cover the damages sought from Milton Smith in the Underlying Action, CFSIC has no duty to defend Milton Smith under the Policy with respect to the claims made against Milton Smith in the Underlying Action.

**WHEREFORE**, CFSIC respectfully requests the following:

a.    That the Court take jurisdiction and adjudicate the rights of CFSIC, Hawkins, and Milton Smith under the Policy; and,

b.    That the Court declare that CFSIC has no obligation to defend Milton Smith in the Underlying Action under the Policy; and,

12

c.       That the Court order Milton Smith to reimburse CFSIC the attorneys' fees and costs CFSIC incurs on his behalf.

## COUNT IV – NO DUTY TO INDEMNIFY MILTON SMITH UNDER THE POLICY

42.     CFSIC re-alleges paragraphs 1 through 33, 40, and 41 as if fully set forth herein.

43.     Because CFSIC has no duty to defend Milton Smith under the Policy with respect to the claims made in the Underlying Action, CFSIC has no duty to indemnify Milton Smith against those claims under the Policy.

**WHEREFORE**, CFSIC respectfully requests the following:

a.       That the Court take jurisdiction and adjudicate the rights of CFSIC, Hawkins, and Milton Smith under the Policy;

b.       That the Court declare that CFSIC has no obligation to defend Milton Smith in the Underlying Action under the Policy; and,

c.       That the Court declare that CFSIC has no duty to indemnify Milton Smith in the Underlying Action under the Policy because CFSIC has no obligation to defend Milton Smith in the Underlying Action under the Policy.

DATED: May 29, 2026.          Respectfully submitted,

**KENNEDYS CMK LLP**
*Counsel for Crum & Forster Specialty Insurance Company*
1111 Brickell Avenue, Suite 1300
Miami, FL 33131
Tel: (305) 371-1111
Fax: (305) 374-8066

/s/ *Jorge A. Maza*
**JORGE A. MAZA**
Fla. Bar No. 94882
Email: jorge.maza@kennedyslaw.com
Secondary: jamservice@kennedyslaw.com
/s/ *Gabi Garcia*
**GABI GARCIA**
Fla. Bar No. 1032333
Email: gabi.garcia@kennedyslaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 29, 2026, I electronically filed the foregoing by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ *Jorge A. Maza*
**JORGE A. MAZA**
Fla. Bar No. 94882

14